IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| MICHAEL D. HAWKINS,  <br>  Plaintiff,  <br>v.  <br>GENERAL MOTORS, LLC, and UNITED AUTO WORKERS LOCAL 31,  <br>  Defendants. | )  <br>)  <br>)  <br>)  <br>)  Case No. 2:25-cv-02559  <br>)  <br>)  <br>)  <br>) |

**DEFENDANT GENERAL MOTORS, LLC'S MEMORANDUM
IN SUPPORT OF ITS PARTIAL MOTION FOR TO DISMISS**

Defendant General Motors, LLC ("Defendant" or "GM"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rules of Civil Procedures 12(b)(6) to dismiss with prejudice all claims asserted against it in Plaintiff Michael D. Hawkins' ("Plaintiff" or "Hawkins") Petition. As a matter of law, Plaintiff's claims against GM warrant dismissal for failure to state a claim upon which relief may be granted because (1) the claims in the Petition are clearly preempted by § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185, and (2) the claims in the Petition are clearly barred by the statute of limitations.

**I.    FACTUAL BACKGROUND**

Plaintiff filed his two count-Petition on August 11, 2025 in the District Court of Wyandotte County, Kansas. Doc. 1-1. GM timely removed the case to this Court on September 26, 2025. Doc. 1. In Count I, Plaintiff brings claims against GM alleging a breach of contract arising out of the collective bargaining agreement ("CBA"). Doc. 1-1, p. 6. In Count I, Plaintiff also claims he is entitled to damages for wrongful termination. *Id* at p. 7. In Count II, Plaintiff brings a claim against Defendant United Auto Workers Local 31 ("the Union") alleging it breached its fiduciary

responsibility. *Id.* Hawkins claims that he began working for GM in May 2011 before his employment was terminated in April 2023. Doc. 1-1, ¶¶ 11, 32.

In support of the causes of action contained within the Petition, Plaintiff alleges that in October 2019, GM and the Union entered into a CBA which governed the employee/employer relationship between GM employees and GM. Doc. 1-1, ¶ 12. The life and disability program Plaintiff refers to in Paragraph 23 of his Petition is part of the CBA. Doc. 1-1, ¶ 23. Plaintiff alleges that GM failed to follow specific procedures laid out in the CBA regarding the disciplinary and attendance improvement process. *See* Doc. 1-1, ¶¶ 16–22. For the reasons set forth below, the claims against GM must be dismissed because they are preempted by the LMRA and were not brought within the applicable statutory time period for hybrid § 301 claims.

## II.   LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations that, if true, would "raise a right to relief above the speculative level" and include "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (citations omitted). To determine whether a claim has "facial plausibility," the Court must take all well-pled factual allegations in the complaint as true, but it is not required to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   ARGUMENT

   **A.   Count I should be dismissed for failure to state a claim upon which relief may be granted because the state law claims are completely preempted by § 301 of the LMRA.**

Typically, under the "well-pleaded complaint" rule, federal question jurisdiction exists only when a federal question is present on the face of a plaintiff's "properly pleaded complaint." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). However, the complete preemption

doctrine is an exception to this rule. *Id.* The Tenth Circuit has recognized that § 301 of the LMRA is a federal cause of action that completely preempts a state cause of action that comes within its scope. *See Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000).

Section 301 of the LMRA provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

For this reason, even claims plead as state law claims are "considered to arise under § 301" when such claims, as here, allege a breach of a collective bargaining agreement. *See Ortega v. New Mexico Legal Aid, Inc.*, 643 F. App'x 774, 777 (10th Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987)).

By Plaintiff's own admission, his state law breach of contract claim purportedly "constitutes a violation of the collective bargaining agreement." Doc. 1-1, p. 6. This claim is thus clearly preempted by § 301 of the LMRA and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Smith v. Hill's Pet Products, Inc.*, Case No. 89-4176-R, 1990 U.S. Dist. LEXIS 3805, at *3 (D. Kan. March 20, 1990) ("The law is well-settled that § 301 of the LMRA preempts any state law claim arising from a breach of the collective bargaining agreement.")

Plaintiff also alleges he is entitled to damages against GM for wrongful termination. *Id.* The LMRA preempts questions related to the interpretation of a collective bargaining agreement and the consequences that were intended to flow from the agreement whether those questions arise from a breach of contract claim or a tort claim. *See Cisneros*, 217 F.3d at 1302. Further, Plaintiff's wrongful termination claim is preempted because § 301 covers "uniquely" personal rights,

including claims for wrongful discharge. *See Ortega*, 643 F. App'x at 777 (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562, 96 S. Ct. 1048, 47 L. Ed. 2d 231 (1976)). Because claims for personal rights are preempted as well, any attempt Plaintiff makes to allege a claim for wrongful termination fails to state a claim upon which relief may be granted.

  **B.** **Plaintiff's claims against GM should be dismissed for failure to state a claim upon which relief may be granted because they are barred by the six-month statute of limitations set forth in § 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b).**

  Plaintiff's suit is a hybrid § 301/fair representation claim since the Petition alleges both a breach of the collective bargaining agreement against the employer and a breach of the union's duty of fair representation. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S. Ct. 2281, 2291, 76 L. Ed. 2d 476 (1983). The Supreme Court has held that these claims are interdependent and "'[t]o prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" *Id.* (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66–67, 101 S. Ct. 1559, 1565–1566, 67 L. Ed. 2d 732 (1981) (Stewart, J., concurring in the judgment)).

  In *DelCostello*, the Supreme Court borrowed the six-month statute of limitations period from the NLRA and applied it to hybrid claims under § 301. *Id* at 172. This District and Circuit have also applied a six-month statute of limitations when reviewing hybrid claims. *See, e.g., Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); *Smith,* 1990 U.S. Dist. LEXIS 3805, at *4-5. A hybrid suit is untimely if the plaintiff knew or should have known of the Union's alleged breach of duty more than six months before the action was brought. *Lucas*, 909 F.2d at 422. Because Plaintiff's employment was terminated on April 15, 2023, he knew or should have known about the Union's alleged breach of duty regarding his grievance procedures by the end of

4

2023. Because Plaintiff failed to bring his action within the applicable statute of limitations, he fails to state a claim upon which relief can be granted. *See, e.g.*, *Smith*, 1990 U.S. Dist. LEXIS 3805, at *4-5.

## IV. CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted because his claims against GM are both preempted and time barred. Accordingly, Defendant respectfully requests this Court to enter an Order partially dismissing Plaintiff's Petition with prejudice, including all claims against GM as alleged in Count I.

Respectfully submitted,

By: */s/ Stacy M. Bunck*
Stacy M. Bunck, KS# 20531
**OGLETREE DEAKINS NASH SMOAK & STEWART PC**
700 West 47th Street, Suite 500
Kansas City, Missouri 64112
Phone: 816-471-1301
Facsimile: 816-471-1303
stacy.bunck@ogletree.com

**ATTORNEY FOR DEFENDANT GENERAL MOTORS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October, 2025, I caused the above and foregoing to be electronically filed using the Court's CM/ECF system which will provide electronic notification to the following counsel:

| | |
|---|---|
| Atif Abdel-Khaliq, KS #10552<br>MCINTOSH LAW OFFICES<br>1333 Meadowlark Lane, Suite 203<br>Kansas City, KS 66102<br>Phone: 913-281-5051<br>Facsimile: 913-281-3211(t)<br>atifmcintoshlaw@gmail.com<br><br>**ATTORNEY FOR PLAINTIFF** | Jacob "Jake" Miller, KS #28337<br>GRISSOM MILLER LAW FIRM, LLC<br>1600 Genessee Street, Ste. 460<br>Kansas City, MO 64102<br>Phone: 816-336-1213<br>Facsimile: 816-384-1623<br>jake@grissommiller.com<br><br>**ATTORNEY FOR DEFENDANT**<br>**UNITED AUTO WORKERS LOCAL 31** |

                                              */s/ Stacy M. Bunck*
                                              **ATTORNEY FOR DEFENDANT**
                                              **GENERAL MOTORS, LLC**