IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL D. HAWKINS ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 2:25-cv-02559-TC-GEB |
| v. ) | |
| ) | |
| GENERAL MOTORS, LLC et al ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT UNITED AUTO WORKERS LOCAL 31'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Defendant United Auto Workers Local 31 (hereinafter "UAW" or "Defendant UAW"), by and through the undersigned counsel, respectfully moves the Court to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff's Petition fails to state a claim upon which relief can be granted against Defendant UAW for two reasons – (1) the claims are time-barred; and (2) even if the claims were not time-barred, Plaintiff failed to even attempt exhausting his administrative remedies before bringing this action. Plaintiff's Petition must be dismissed because this Court holds no subject-matter jurisdiction over it and because it otherwise fails to state a cognizable claim.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael D. Hawkins worked for Defendant General Motors LLC for approximately twelve years, from 2011 through his alleged termination in April 2023. (Petition at ¶ 31-32). Over two years after his termination, he filed the above-captioned Petition in the District Court of Wyandotte County, Kansas for damages against his former employer and the union he belonged to during that employment – United Auto Workers Local 31 (hereinafter "the Union" or

1

"UAW") (Petition at ¶ 37). Count I, for breach of contract, appears to apply only to Plaintiff and Defendant General Motors LLC. Count II, a claim for breach of the union's duty of fair representation that is pleaded as a claim for breach of fiduciary duty, applies to the Union's handling of Plaintiff's termination.

Defendant General Motors LLC on September 26, 2025 filed a Notice of Removal with this Court, citing federal preemption of Plaintiff's claims pursuant Section 301 of the Labor Management Relations Act ("LMRA") (Notice of Removal p. 1). Though pleaded improperly, Plaintiff's Petition appears to be a hybrid § 301 claim under the LMRA, which would have afforded this Court subject-matter jurisdiction over Plaintiff's claim had he attempted to exhaust his administrative remedies.

## II. LEGAL STANDARD

This Motion is based on defenses permitted under Fed. R. Civ. P. 12(b)(1) and (6). First, this Court lacks subject-matter jurisdiction over Plaintiff's claim against Defendant UAW and should be dismissed pursuant to Rule 12(b)(1). Subject-matter jurisdiction represents the extent to which a court can rule on the conduct of persons or the status of things. *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089 (10th Cir. 2017). When a plaintiff fails to exhaust their administrative remedies, a court no longer maintains subject-matter jurisdiction over that plaintiff's claims. *McBride v. CITGO Petroleum Corp.,* 281 F.3d 1099 (10th Cir. 2002).

Second, Plaintiff's Petition fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Rule 12(b)(6). A complaint must contain factual allegations that, if true, would "raise a right to relief above the speculative level" and include "enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

And while a court must "take all well-pled factual allegations in the complaint as true" and the reasonable inferences drawn therefrom, it need not accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENTS AND AUTHORITIES

The claims and allegations pertaining to Defendant UAW in Plaintiff's Petition (Count II) must be dismissed for myriad reasons. First, this Court maintains no subject-matter jurisdiction to hear Plaintiff's claims because Plaintiff did not exhaust the internal grievance process, and therefore his administrative remedies, before filing the present action. Second, Plaintiff has no cognizable claim against the Union. His allegation – a breach of fiduciary duty – is more appropriately styled as a breach of the duty of fair representation that a union owes its members. However there is one key reason this claim falls flat, which will be explained further, *infra*: Unions maintain wide discretion to file grievances on behalf of the union and which grievances to advance to arbitration so long as their decisions are not arbitrary, discriminatory, or in bad faith. For good measure, even though any and all of the above reasons are enough to dismiss Plaintiff's Petition with prejudice, his Petition is moot as the statute of limitations for hybrid § 301 claims has expired.

Plaintiff's Petition must be dismissed.

### A. Plaintiff did not exhaust his administrative remedies, which is required before a bargaining unit member can sue their union.

Plaintiff's Petition fails to afford subject-matter jurisdiction on this court because he did not exhaust his administrative remedies within the Union's internal grievance and arbitration procedure prior to filing the present action. According to the exhaustion doctrine, no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Corp.*, 303 U.S. 41, 50–51, (1938).

3

Here, the Union has no record of Plaintiff requesting a grievance be filed to contest his alleged mistreatment or termination by the company. *See Exhibit A for the appropriate grievance procedures.* That alone warrants dismissal of his claim against Defendant UAW as not only did Plaintiff fail to exhaust his administrative remedies, he failed to even *begin* the administrative remedy process. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).[1]

This failure to exhaust the administrative remedy process strips this Court of subject-matter jurisdiction over Plaintiff's claim and requires dismissal.

**B. Even if Plaintiff had requested a grievance be filed, the Union did not violate the duty of fair representation.**

Plaintiff attempts to plead that the Union breached a fiduciary duty it owed him. This is more commonly understood in labor law parlance as a union's duty of fair representation, and this Motion will further refer to it as such.

Because, as mentioned above, the Union has no record of Plaintiff requesting an internal grievance be filed in this matter, there is no violation of the duty of fair representation. The seminal Supreme Court case on this issue, *Vaca v. Sipes,* 386 U.S. 171 (1967), is unequivocal in its holding that a union only violates the duty of fair representation it owes to its members if it engages in conduct toward a member that is arbitrary, discriminatory, or in bad faith. *Id.* at 190. This is most commonly applied to the processing of internal grievances and the associated arbitration procedure, which in turn also affords a union wide discretion on which grievances it ultimately chooses to advance. *Id.*

---

[1] As Plaintiff filed no grievance, there can be no violation of the duty of fair representation (which Plaintiff pleads as a breach of fiduciary duty). *See also Webb v. ABF Freight Sys., Inc.,* 155 F.3d 1230, 1239-40 (10th Cir. 1998) (interpreting the duty of fair representation standard as requiring more than mere negligent conduct, carelessness, or honest mistakes).

Nothing in Plaintiff's Petition begins to approach a violation of the union's duty of fair representation in its response to Plaintiff's alleged mistreatment and termination. Plaintiff's Petition contains seven paragraphs in Count II, three of those paragraphs pertain to Plaintiff or his claimed damages, and the other four paragraphs lodge conclusory (and at times incorrect) legal statements at Defendant UAW. These conclusory statements are not nearly enough to meet the applicable pleading standard to give Plaintiff a cognizable claim against Defendant UAW.

As such, in addition to dismissal based on the Court's lack of subject-matter jurisdiction, dismissal is also appropriate for failure to state a claim upon which relief can be granted. Abject lack of specificity in the Petition aside, the well-established law on this topic simply does not support Plaintiff's claim.

### C.  Plaintiff's statute of limitations expired nearly two years ago.

Claims by an employee against a union for breach of the duty of fair representation have a truncated statute of limitations of six months. *DelCostello* at 172. This time limitation matches the six-month statute of limitation a party has to file a charge with the National Labor Relations Board, a route also taken in this type of case. 29 U.S.C. § 160(b).

Here, Plaintiff did not request a grievance be filed. As such, his statute of limitations began to run as soon as the right to maintain legal action arose. *Lopez v. Davila,* 63 Kan.App.2d 147 (2023). Plaintiff was terminated April 15, 2023 (Petition ¶ 32) meaning his statute of limitations ran on October 15, 2023 – almost exactly two years ago. As such, the time to commence an action has well past.

Even being most generous to the Plaintiff, and assuming he appropriately pleaded a general breach of fiduciary duty (he did not), his statute of limitations is still expired. Such claims have a

5

two-year statute of limitations in Kansas, K.S.A. 60-513(a)(4), and that statute of limitations likewise expired April 15, 2025 since Plaintiff did not request a grievance be filed.

**D. Sanctions are appropriate in this case.**

Under the "American Rule" governing respective financial burdens of litigating civil claims, a prevailing party is not entitled to collect attorney fees from the losing party. *U.S. v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983)). However, courts recognize a "narrow exception" to the American Rule which allows a trial court, in its discretion, to award attorney fees when a party's opponent acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sterling Energy Ltd. V. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984).

A party acts in bad faith only when the claim brought "is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Id.* at 1436 (quoting *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977). While Defendant UAW cannot speak to the entire or true motivations of Plaintiff in filing his Petition, it strains credulity to think that a complaint which is not properly pleaded, comes nowhere close to approaching a cognizable claim, and the statute of limitations of which has expired for nearly *two years* is anything other than a complaint entirely without color, brought wantonly and for the purposes of harassment or delay.

Defendant UAW concludes by pointing the Court toward Plaintiff's initial service documents. When Plaintiff served its summons and Petition as originally filed in Wyandotte County, Kansas, attorney for Plaintiff appears to have included an irrelevant case summons and

petition from a Missouri state court case to which he is also an attorney of record.[2] *Attached hereto as Exhibit B.*

As such, Defendant UAW seeks sanctions by this Court in the form of attorney fees in the amount of $10,000.00 for the expenses incurred in responding to this otherwise frivolous Petition, or in the alternative a show cause order pursuant to Rule 11(c) of the Fed. R. Civ. P. for Plaintiff's attorney to show cause why the conduct does not clearly violate Rule 11(b).

## **CONCLUSION**

For any and all of these reasons, and as there is no legal theory under which Plaintiff maintains a claim against Defendant UAW, his Petition must be dismissed with prejudice. Defendant UAW further seeks sanctions as requested above, as well as any other relief the court deems just and proper.

Respectfully submitted,

*/s/ Conner Mitchell*
Jake Miller, KS #28337
Conner Mitchell, D. Kan. #79215
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
jake@grissommiller.com

*Attorney for Defendant United Auto Workers Local 31*

---

[2] Defendant assumes its response to the Missouri state court filing is not required.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and complete copy of the above and foregoing was filed with the Court on this 10th day of October, 2025 via the Kansas eFlex eFiling system, providing notice and a copy of the same to all counsel of record.

      */s/ Conner Mitchell*