IN THE UNITED STATES COURT FOR THE
DISTRICT OF KANSAS

| MICHAEL HAWKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:25-cv-02559 |
| GENERAL MOTORS, LLC, and UNITED AUTO WORKERS LOCAL 31, | ) | |
| Defendants. | ) | |

## PLAINTIFF MICHAEL HAWKINS RESPONSES TO DEFENDANTS' GENERAL MOTORS AND UNITED AUTO WORKERS LOCAL 31'S MOTIONS TO DISMISS NOTICE OF REMOVAL, AND MOTION TO REMAND AND REMOVE BACK TO STATE COURT

**COMES NOW** Plaintiff Michael Hawkins, by and through his attorney, Atif Abdel-Khaliq, of McIntosh Law Offices, respectfully requests that this Court deny the Defendants' Motions to Dismiss and the Notice of Removal, and grant the Plaintiff's Motion to Remand the case to state court. The plaintiff asserts that this case has been improperly removed because the federal court lacks subject-matter jurisdiction, and no federal question is presented.

**Lack of Federal Jurisdiction**

The bases for the Defendant General Motors' notice of removal was a federal question of jurisdiction under 28 U.S.C. § 1441 " Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending" and 28 U.S.C. § 1331 "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". The Defendants further stated that the determination as to whether a claim arises under federal law

must be made by reference to a well pleaded complaint and cited *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).

Plaintiff states that this case has been improperly removed from the Federal District Court because there is no federal question, and the fact that there is no interpretation under the Federal Labor Management Relations Act (LMRA). In referring to Plaintiff's petition, Plaintiff filed three counts against Defendant General Motors and United Auto Workers Local 31

**Breach of Contract**

In Count I: Plaintiff brings two separate causes of actions both derived out of the same nexus. Specifically, Plaintiff states that General Motors never followed the contract between management and labor, or between General Motors and United Auto Workers Local 31 constituting a breach of contract and wrongful termination.

**THE FEDERAL LABOR MANAGEMENT RELATIONS ACT IS NOT APPLICABLE.** The Federal Labor Management Relations Act would only be applicable if the court had to interpret the Federal Labor Management Relations Act. In this case, Plaintiff states that General Motors never followed the Federal Labor Management Relations Act. General Motors never used any of the elements of the contract, never followed any of the steps of the contract, never followed any procedures of the contract, and General Motors claim is not based on the interpretation of the Federal Labor Management Relations Act. General Motors claim is a breach of contract for never following the Federal Labor Management Relations Act. The action of General Motors does not constitute a federal question. Plaintiff's petition clearly states a breach of contract.

**Disability Program:**

Plaintiff's claim as constituted in the petition concerns a life and disability program. The failure to follow the disability program is based upon Kansas state law. In this specific separate

policy offered by General Motors, the question became that for a person to be off work they had to be off work under the recommendation of a psychiatrist. Plaintiff sent in paperwork from a nurse practitioner, not a psychiatrist. Plaintiff was terminated for not providing an excuse for being off work from a psychiatrist. Whereas Kansas law allows for a nurse practitioner in lieu to allow for a person to be off work based upon the recommendation of the nurse practitioner. Defendant General Motors did not accept that, which is a violation of state law and has nothing to do with federal law. Plaintiff's petition as it pertains to Defendant General Motors did not involve a federal question of jurisdiction and did not involve an interpretation of the Federal Labor Relationship Act, which made Plaintiff's case wrongfully removed from state court and put in federal court. Plaintiff provides the following information in support of the wrongful removal to federal court and requests that the case be returned to state court.

**Argument:**

"To determine whether claim is independent of collective bargaining agreement and not preempted under 29 § 185(a), courts must (1) determine whether resolving state-law claim would require interpretation of terms of collective bargaining agreement and, if so, claim is preempted; and (2) ascertain whether rights claimed by plaintiff were created by collective bargaining agreement or, instead, by state law, and if rights were created by collective bargaining agreement, claim is preempted. *Lawrence v. Dixon Ticonderoga Co.,* 305 F. Supp. 2d 806 , 2004 U.S. Dist. LEXIS 2863 (N.D. Ohio 2004)."

"Application of state law is preempted by 29 USCS § 185 only if such application requires interpretation of collective bargaining agreement; fact that court must examine bargaining agreement to determine preemption issue is not enough. *Burnette v. Godshall,* 828 F. Supp. 1439, 27 Fed. R. Serv. 3d (Callaghan) 125, RICO Bus, Disp. Guide 8446, 1993 U.S. Dist. LEXIS 15276 (N.D. Cal. 1993), dismissed without prejudice, remanded, 1994 U.S. Dist. LEXIS 6727 (N.D.

3

Cal. Apr. 13, 1994), aff'd sub nom. *Burnette v. Lockheed Missiles & Space Co.,* 72 F.3d 766, 95 Cal. Daily Op. Service 9868, 95 D.A.R. 17171, 33 Fed. R. Serv. 3D (Callaghan) 1337, RICO Bus, Disp. Guide 8939, 1995 U.S. App. LEXIS 36636 (9th Cir. 1995)."

"State law claims related to interpretation of collective bargaining agreement only tangentially or in general way are not preempted by 29 USCS § 185. *Teamster, Chauffeurs, Warehousemen & Helpers, Local 764 v. Greenawalt,* 880 F. Supp. 1076, 148 L.R.R.M. (BNA) 2948, 1995 U.S. Dist. LEXIS 4648 (E.D. Mich. 1996). In determine whether state law claim is preempted by 29 USCS § 185, court must ascertain whether proof of state law claim requires interpretation of collective bargaining agreement, and whether right claimed by plaintiff is created by collective bargaining agreement or by state law. *Weatherholt v. Meijer Inc.,* 922 F. Supp. 1227, 153 L.R.R.M. (BNA) 2132, 132 Lab. Cas. (CCH) 11697, 1996 U.S/ Dist. LEXIS 4648 (E.D. Mich. 1996). In determining whether state law requires interpretation of terms of collective bargaining agreement, court must first look at elements of state law claim. *Hayduk v. UPS,* 930 F. Supp. 1406, 153 L.R.R.M. (BNA) 2728, 1996 U.S. Dist. LEXIS 9019 (S.D. Fla. 1996)"

"The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and for one to exercise such right, it is essential that the case be shown to be within one of those classes. Such burden of showing that removal was proper is always upon the defendant. The federal removal statutes will be strictly construed in favor of state court jurisdiction. Due regard to the rightful independence of state governments, which should actuate federal courts, it requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. The removal of cases on the ground of diversity of citizenship is in derogation of state sovereignty. One of the purposes of the enactment of 28 USCS § 1441© was to actually reduce the number of cases removable from the state of the federal courts. Under the Finn test established by the United States Supreme Court, where there is

a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441©. The plaintiff's pleading controls in the making of this determination. *Burnett v. Eastman Kodak Co.,* 433 F. Supp. 514, 1977 U.S. Dist. LEXIS 15541."

"It is true that when defense to state claim is based on terms of collective bargaining agreement, state court will have to interpret that agreement to decide whether state claim survives, but presence of federal question, even question involving §301 of Labor-Management Relations Act, 29 USCS §185, in defensive argument does not overcome paramount policies embodied in well-pleaded complaint rule-that plaintiff is master of complaint, that federal question must appear on face of complaint, and that plaintiff may , be eschewing claims based on federal law, choose to have cause heard in state court; when plaintiff invoke right created by collective bargaining agreement, plaintiff has chosen to plead what must be regarded as federal claim and removal is at defendant's option, but defendant cannot, merely by injecting federal question into action that asserts what is plainly state law claim, transform action into one arising under federal law, thereby selecting forum in which claim shall be litigated. Alongi v Ford Motor Co., 386 F.3d 716, 175 L.R.R.M. (BNA) 3025. 150 Lab. Cas. (CCH) 10399, 2004 U.S. App LEXIS 21276 (6th Cir. 2004)."

"Preemption and removal are related but distinct concepts, and preemption does not change procedural rules governing removal; thus, even fact that defendant might ultimately prove that plaintiff's claims are preempted, does not establish that they are removable to federal court. Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. Local 704, 25 F.3d 1308, 1994 FED App. 0198P. 65 Empl. Prac. Dec. (CCH) 43278, 64 Fair Empl. Prac. Cas. (BNA) 1785. 146 L.R.R.M. (BNA) 2615.128 Lab. Cas. (CCH) 11165. 1994 U.S. App. LEXIS 13868 (6th Cir. 1994).

5

"In determining whether plaintiff employees' claims are preempted by 29 USCS §185, court first looks to complaint; however, because plaintiffs often attempt to avoid federal jurisdiction under statute by framing their complaint in terms of state law theories, court may look beyond allegations of complaint, often to petition for removal, to determine whether wrong complained of arose from breach of obligations under collective bargaining agreement. Cisneros v. ABC Rail Corp., 217 F. 3d 1299, 78 Empl. Prac. Dec. (CCH) 40174, 83 Fair Empl. Prac. Cas. (BNA) 321. 164 L.R.R.M. (BNA) 2780. 142 Lab. Cas. (CCH) 10834. 2000 U.S. App. LEXIS 15703 (10th Cir. 2000)."

"Preemption and removal are related but distinct concepts, and preemption does not change procedural rules governing removal; thus, even fact that defendant might ultimately prove that plaintiff's claims are preempted, does not establish that they are removable to federal court. Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. Local 704, 25 F.3d 1308, 1994 FED App. 0198P. 65 Empl. Prac. Dec. (CCH) 43278, 64 Fair Empl. Prac. Cas. (BNA) 1785. 146 L.R.R.M. (BNA) 2615.128 Lab. Cas. (CCH) 11165. 1994 U.S. App. LEXIS 13868 (6th Cir. 1994).

In determining whether plaintiff employees' claims are preempted by 29 USCS §185, court first looks to complaint; however, because plaintiffs often attempt to avoid federal jurisdiction under statute by framing their complaint in terms of state law theories, court may look beyond allegations of complaint, often to petition for removal, to determine whether wrong complaints arose from breach of obligations under collective bargaining agreement. Cisneros v. ABC Rail Corp., 217 F. 3d 1299, 78 Empl. Prac. Dec. (CCH) 40174, 83 Fair Empl. Prac. Cas. (BNA) 321. 164 L.R.R.M. (BNA) 2780. 142 Lab. Cas. (CCH) 10834. 2000 U.S. App. LEXIS 15703 (10th Cir. 2000)."

### THE COUNT OF PLAINTIFF'S PETITION REGARDING IT'S CLAIM

**AGAINST UNITED AUTO WORKERS LOCAL 31 SHOULD NOT HAVE BEEN ROMOVED.**

"Since jurisdiction under 28 USCS 185(a) depends on alleged violation of agreement between an employer and union or between unions, court lacks jurisdiction or suit under 29 USCS §185(a) by union members against union for breach of its duty of fair representation by arbitrarily disregarding members' interests in negotiating labor contracts. Leskiw v. International Brotherhood of Electrical Workers. 464 F 2d 721. 80 L.R.R.M. (BNA) 3118. 68 Lab. Cas. (CCH) 12871. 1972 U.S. App. LEXIS 8536 (3d Cir.), cert. denied. 409 U.S. 1041. 93 S. Ct. 526. 34 L. Ed. 2d 490, 81 L.R.R.M. (BNA) 2835. 69. Cas. (CCH) 13188. 1972 U.S. LEXIS 4255 (1972)."

Suit for breach of duty of fair representation is not within federal court jurisdiction under 29 USCS §185 without appearing, because duty of fair representation has statutory rather than contractual basis. Smith v. Sheet Metal Workers International Asso., 500 F. 2d 741. 87 L.R.R.M. (BNA) 2211. 74 Lab. Cas. (CCH) 10293. 1974 U.S. App. LEXIS 6919 (5th Cir. 1974)."

"Employee plaintiff's motion to remand to state court suit brought there by him to compel employer defendant to provide him with medical benefits and life insurance will be granted despite employer's allegation that action is based on collective bargaining agreement, which falls under 29 USCS §185, and that federal court has federal question jurisdiction , where complaint makes no mention of agreement, agreement is not attached as exhibit to complaint, plaintiff nowhere alleges source of any obligation on behalf of defendant to supply life insurance and medical benefits , and no federal jurisdiction appears from face of complaint, as it must, to warrant removal. Snyder v. Sun Oil Co., 410 F. Supp. 624. 1976 U.S. Dist. LEXIS 16199 (E.D. Pa. 1976)."

**THEREFORE,** Plaintiff requests that the case not be dismissed and be remanded back to the state court where it was originally filed for further actions.

Respectfully Submitted,

*/s/ Atif Abdel-Khaliq*
Atif Abdel-Khaliq, KS #10552
1333 Meadowlark Lane
Suite 203
Kansas City, Kansas 66102
Phone: (913) 281-5051
Facsimile: (913) 281-3211
atifmcintoshlaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed and served electronically by the Court's electronic filing system this 24th day of November 2025, to all counsels on record.

*/s/ Atif Abdel-Khaliq*
Atif Abdel-Khaliq
Attorney for Plaintiff