IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| MICHAEL D. HAWKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GENERAL MOTORS, LLC, and UNITED AUTO WORKERS LOCAL 31, | ) Case No. 2:25-cv-02559-TC-GEB ) ) |
| Defendants. | ) ) |

### DEFENDANT GENERAL MOTORS, LLC'S
### REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS
### AND OPPOSITION TO MOTION TO REMAND

As set forth in Defendant General Motors, LLC's ("Defendant" or "GM") Partial Motion to Dismiss ("Motion"), all claims against GM should be dismissed with prejudice. Additionally, Plaintiff Michael D. Hawkins' ("Plaintiff" or "Hawkins") Motion to Remand should be denied. In his untimely[1] Opposition to GM's Motion to Dismiss and Motion to Remand ("Opposition"), he argues unpersuasively that the Labor Management Relations Act ("LMRA") does not apply and there is no federal question jurisdiction. These arguments fail because all claims against GM are inextricably intertwined with the collective bargaining agreement ("CBA") between GM and United Auto Workers Local 31 ("the Union"). Furthermore, Plaintiff does not address, and therefore concedes, the statute of limitations argument raised in GM's Motion, which further renders dismissal with prejudice appropriate.

---

[1] GM reserves all arguments regarding the propriety of Plaintiff's untimely Opposition and Motion to Remand, and separately responded to Plaintiff's Motion for Late Response. *See* Doc. 17.

I.   ARGUMENT

   A.   **This Court has jurisdiction because all of Plaintiff's claims against GM are preempted.**

Plaintiff correctly points out that "the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"[2] Plaintiff, however, fails to address *Garley v. Sandia Corporation,* which GM cited in its Motion to highlight that the complete preemption doctrine is an exception to the general rule that "the federal question must appear on the face of the plaintiff's complaint."[3] The Supreme Court has recognized that this exception "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA."[4]

Plaintiff cites *Burnette v. Godshell* to argue that courts needing "to examine the CBA to determine the preemption issue is not enough."[5] However, this Court would have to go well beyond merely "examining" the CBA and instead would have to interpret the CBA to resolve Plaintiff's breach of contract and wrongful termination claims. This Circuit has noted "§ 301 preempts 'questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, ... whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.'"[6]

Plaintiff also cites *Tisdale v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, Loc. 704* to argue that "[p]reemption and removal are related

---

2   *Merrell Dow Pharmaceuticals Incorporated v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846–47, 77 L. Ed. 2d 420 (1983)).

3   36 F.3d 1200, 1207 (10th Cir. 2001).

4   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987).

5   828 F. Supp. 1439, 1445.

6   *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000) (citing *Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1155 (10th Cir.1991)). Plaintiff also cites *Cisneros* to state that plaintiffs will often frame their complaints in terms of state law complaints to avoid federal jurisdiction. *Id.* at 1302–03; *see also* Doc. 14, p. 6. GM agrees and argues this is exactly what Plaintiff has done in the present case.

but distinct concepts."[7] In *Tisdale*, the Sixth Circuit stated that "[h]ad plaintiffs brought a breach of contract action in state court alleging that the union had violated a provision in its constitution guaranteeing nondiscrimination, their claim properly understood would arguably have been removable because it would have been in an area occupied by federal law to the exclusion of state law."[8] Here, Plaintiff brought a breach of contract action, as well as another claim that is inextricably intertwined with the CBA. Therefore, the case was properly removed and should remain in federal court.[9]

      **B.**      **Plaintiff's claims against GM are inextricably intertwined with the CBA and therefore are preempted.**

In his Opposition, Plaintiff next argues that his breach of contract and wrongful termination claims against GM are not subject to the LMRA. However, in the same paragraph he also argues "General Motors (sic) claim is a breach of contract for never following the Federal Labor Management Relations Act."

GM does not dispute that a contract is at issue. Here, the parties agree the operative contract is the CBA, which includes a life and disability program ("the Program") that Plaintiff alleges GM breached. *See* Doc. 1-1, p. 6. Plaintiff alleges that the Program offered by GM constitutes a "specific separate policy." However, the Program was expressly offered to Plaintiff as a union employee on a contractual basis pursuant to the CBA and is incorporated into the CBA. As the Tenth Circuit has recognized, "'[t]o the extent that [a] claim is based on an alleged breach of the

---

[7]  25 F.3d 1308, 1311 (6th Cir. 1994).

[8]  *Id.* at 1311–12.

[9]  Plaintiff also cites *Burnett v. Eastman Kodak Co.*, 433 F. Supp. 514, 517 (E.D. Tenn. (1977). This case is inapposite because it discusses joinder of claims when diversity of citizenship was the basis for federal jurisdiction in one of the counts. Here, both of Plaintiff's claims against GM are subject to federal question jurisdiction because they are both preempted by the LMRA.

3

[collective bargaining agreement], the claim is clearly preempted.'"[10] This finding is consistent with the holding in *Weatherholt v. Meijer Inc.*, cited by Plaintiff in his Opposition, which states

> In order to ensure uniformity and predictability in interpreting the meaning of collective bargaining agreements, the Supreme Court has concluded that state law "does not exist as an independent source of private rights to enforce collective bargaining contracts." Accordingly, a claim brought in state court alleging a violation of a provision of a labor contract must be brought under section 301 and resolved by reference to federal law.[11]

Plaintiff focuses his wrongful termination claim on the Program, arguing that GM allegedly not allowing a nurse practitioner to excuse him from work amounted to a violation of state law that "has nothing to do with federal law." However, the Program at issue is a contractual provision within the CBA. Therefore, this Court must consider the CBA in evaluating Plaintiff's claims that GM breached its contractual obligations to Plaintiff.[12] As the Court noted in *Burnette v. Godshall*, "[i]f a personnel manual is authorized and incorporated by reference in the CBA, an employee's claim based on a policy in the manual is preempted by § 301."[13] The same logic applies to the Program at issue in Plaintiff's claims, and renders Plaintiff's claims preempted.

While cases from other Circuits cited by Plaintiff employ a two-part test[14] to determine whether a state law claim is preempted, this Court recognizes that "[t]he test for whether a state law claim is preempted by § 301 is 'whether evaluation of the tort claim is *inextricably intertwined*

---

[10] *Neal v. Jack Cooper Transp. Co.*, 94 F. App'x 665, 667 (10th Cir. 2003) (citing *Garley v. Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir.2001).

[11] 922 F. Supp. 1227, 1230 (E.D. Mich. 1996) (internal citations omitted).

[12] Indeed, Plaintiff separately asserts a claim against the Union for allegedly breaching its fiduciary duty to enforce his rights to the Program under the CBA. *See* Petition, ¶¶ 38-39.

[13] 828 F. Supp. 1439, 1447 (N.D. Cal. 1993).

[14] *See e.g.*, *Lawrence v. Dixon Ticonderoga Co.*, 305 F. Supp. 2d 806, 811 (N.D. Ohio 2004) ("First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law.").

with consideration of the terms of the labor contract.'"[15] In *Ledbetter*, the plaintiff claimed she was an employee of the International Association of Machinists & Aero Workers and District 70.[16] She brought state law claims for wrongful termination and breach of contract.[17] This Court acknowledged that these two claims were "premised on the same facts."[18] This Court viewed the plaintiff's wrongful termination and breach of contract claim as "essentially the same" claim and found both claims to be based on the interpretation of the specific procedures set forth in the agreement.[19] Accordingly, the Court found the claims to be preempted by § 301.[20]

Here, Plaintiff describes his own claims as being derived out of the same nexus. Doc. 15, p. 2. Since both his claims against GM stem from the same facts as they did in *Ledbetter*, this Court should similarly find that these claims are inextricably intertwined with the terms of the CBA and that his claims are preempted.

Even if this Court were to apply the two-step analysis, dismissal is still warranted. Plaintiff focuses almost exclusively on the first part of the test, which examines whether interpretation of the CBA is necessary to resolve the claims. Plaintiff ignores the second part of the test, which considers whether the rights being asserted were created by the CBA or by state law.[21]

---

[15] *Ledbetter v. Int'l Ass'n of Machinists & Aero. Workers*, 2017 U.S. Dist. LEXIS 10862, *6 (D. Kan. 2017) (citing *Garley v. Sandia Corp.*, 236 F.3d 1200, 1208 (10th Cir. 2001) (emphasis in original).
[16] *Id.* at *2.
[17] *Id.*
[18] *Id.* at *7.
[19] *Id.*
[20] *Id.*
[21] *See Lawrence v. Dixon Ticonderoga Co*., 305 F. Supp. 2d 806, 811 (N.D. Ohio 2004).

5

Importantly, for a state-law claim to avoid preemption under § 301, it must satisfy both prongs of this test.[22] If the claim fails either requirement, it is preempted by § 301.[23]

Here, both Plaintiff's claims derive from rights created by the CBA. There is no Kansas common law right to life and disability benefits in employment. Although Plaintiff contends the failure to follow the Program is based on Kansas state law, the Program is a contractual benefit in the CBA, and therefore is governed by the terms of the CBA. Under this alternative analysis, Plaintiff's claims are still preempted.

    **C.    Plaintiff did not address the statute of limitations argument in his Opposition, so he conceded any argument he might have regarding the applicable period.**

If this Court agrees that removal was proper and that Plaintiff's claims against GM are preempted, the Court must grant the dismissal of all claims against GM because Plaintiff did not address the statute of limitations, which clearly time bar Plaintiff's claims, in his Opposition.[24]

WHEREFORE, GM respectfully requests this Court to deny Plaintiff's Motion to Remand and dismiss all claims against GM in Count I of Plaintiff's Petition with prejudice.

Respectfully submitted,

By: *Stacy M. Bunck*
Stacy M. Bunck, KS# 20531
**OGLETREE DEAKINS NASH SMOAK & STEWART PC**
700 West 47th Street, Suite 500
Kansas City, Missouri 64112
Phone: 816-471-1301
Facsimile: 816-471-1303
stacy.bunck@ogletree.com

**ATTORNEY FOR DEFENDANT GENERAL MOTORS, LLC**

---

[22] *Id.*

[23] *Id.*

[24] *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025) (citing *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022)) ("[U]nder District of Kansas Rule 7.1 and basic litigation principles, when a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address and abandoned any claims which depend on response to such arguments.")

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of December, 2025, I caused the above and foregoing to be electronically filed using the Court's CM/ECF system which will provide electronic notification to the following counsel:

| | |
|---|---|
| Atif Abdel-Khaliq    KS #10552<br>MCINTOSH LAW OFFICES<br>1333 Meadowlark Lane, Suite 203<br>Kansas City, KS 66102<br>Phone: 913-281-5051<br>Facsimile: 913-281-3211(t)<br>atifmcintoshlaw@gmail.com<br><br>**ATTORNEY FOR PLAINTIFF** | Jacob "Jake" Miller, KS #28337<br>Conner Mitchell, D. Kan. # 79215<br>GRISSOM MILLER LAW FIRM, LLC<br>1600 Genessee Street, Ste. 460<br>Kansas City, MO 64102<br>Phone: 816-336-1213<br>Facsimile: 816-384-1623<br>jake@grissommiller.com<br>cam@grissommiller.com<br><br>**ATTORNEYS FOR DEFENDANT<br>UNITED AUTO WORKERS LOCAL 31** |

                                      */s/ Stacy M. Bunck*
                                      **ATTORNEY FOR DEFENDANT
                                      GENERAL MOTORS, LLC**