# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| MICHAEL D. HAWKINS | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 2:25-cv-02559-TC-GEB |
| v. | ) |
| GENERAL MOTORS, LLC and UNITED AUTO WORKERS LOCAL 31 | ) |

## DEFENDANT UNITED AUTO WORKERS' OPPOSITION TO PLAINTIFF'S MOTION REQUESTING THE COURT'S ACCEPTANCE IN ALLOWANCE IN LATE RESPONSE TO MOTIONS TO DISMISS AND NOTICE OF REMOVAL

Defendant United Auto Workers Local 31 ("Defendant UAW") respectfully joins Defendant General Motors, LLC in requesting this Court deny Plaintiff Michael D. Hawkins' ("Plaintiff") Motion Requesting the Court's Acceptance in Allowance in Late Response to Motions to Dismiss and Notice of Removal.

### I. INTRODUCTION AND FACTUAL BACKGROUND

Defendant UAW consented to Defendant GM's Notice of Removal in this Court, filed on September 26, 2025. Defendant UAW agrees and incorporates Defendant GM's recitation of the procedural history as detailed further in ECF 19.

Defendant UAW timely filed its Partial Motion to Dismiss and Memorandum in Support with this Court on October 10, 2025 (ECF 10 and 11). Per Local Rule 6.1(d), Plaintiff needed to file a response or opposition within 21 days after the Motion was served. Plaintiff's counsel did not respond to the Partial Motion to Dismiss nor move to remand the case for over one month.

### II. ARGUMENT

Defendant UAW agrees with and incorporates by reference the arguments made in ECF 19. UAW does not feel the need, in the interest of judicial expediency, to reiterate for the Court the exact same argument as Defendant GM made.

Defendant UAW further states that should the Court accept the late filing of Plaintiff's motions, remanding the case to state court is not appropriate with particular regard to Defendant UAW's claims. This Court, nor state court, have subject-matter jurisdiction over Plaintiff's claims because Plaintiff did not exhaust, or even attempt to exhaust, his administrative remedies prior to filing the lawsuit (which was filed 18 months after the statute of limitations expired). *Myers v. Bethlehem Corp*, 303 U.S. 41, 50-51 (1938).

Defendant UAW concludes by pointing the Court toward its request for sanctions as fully detailed in its Memorandum in Support (ECF 11). Each action in this matter, whether in state or federal court, has been in bad faith and served only to harass and delay both Defendants when no actionable claim exists.

### III. CONCLUSION

Defendant UAW respectfully requests this Court deny Plaintiff's Motion and for such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Conner Mitchell*
Conner Mitchell, D. Kan. #79215
Jake Miller, KS #28337
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623

cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the above and foregoing was filed on this 12th day of December, 2025, via the Court's CM/ECF eFiling system, providing notice and a copy of the same to all counsel of record.

*/s/ Conner Mitchell*

Jillayne Buckhalton; buckhaltonj@gmail.com